

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed June 18, 2014**

_____
United States Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Bankruptcy Case No. 08-31872-sgj** |
| **BARRY HAMMOND** | § | |
| | § | **Chapter 7** |
| Debtor, | § | |
| _____ | § | _____ |
| **BARRY HAMMOND** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Adversary No. 12-03227** |
| v. | § | |
| | § | |
| **ADAM ROSS PAUL, INC and** | § | |
| | § | |
| **ANDERSON RANDOLF PRICE L.L.C.,** | § | |
| | § | |
| Defendants. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-referenced adversary proceeding was filed by Plaintiff on October 22, 2012, seeking damages for actions committed by the Defendants that were alleged to be violations of

his Chapter 7 discharge order (which discharge order was issued in the year 2008), and for other related causes of action to which the Defendants' actions may have given rise, under the Texas Debt Collection Act ("TDCA"), the Deceptive Trade Practices Act ("DTPA"), and the Telephone Consumer Protection Act ("TCPA").  Trial was held on May 21, 2014.  Both parties appeared in person and through their respective representatives and announced ready, by and through their attorneys of record.

## Jurisdiction

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  The court determines that this adversary proceeding involves primarily core matters, pursuant to 28 U.S.C. § 157(b)(2)(B), as the adversary proceeding involves primarily enforcement of the discharge injunction provided under § 524 of the Bankruptcy Code, through the enforcement of this court's own prior discharge order.  Moreover, to the extent that other non-core claims are involved, this court finds that resolution of such claims is inextricably intertwined with resolution of the core matter of enforcement of the bankruptcy discharge injunction.  However, in the event of an appeal, should the district court determine that this court lacked Constitutional authority to enter final judgment on the non-bankruptcy law claims, this court asks the reviewing court to treat these findings of fact and conclusions of law as proposed findings of fact and conclusions of law (*i.e.,* a report and recommendation to the district court to be considered *de novo* by it), and to adopt, revise, or reject, as the district court may deem appropriate, with regard to the Plaintiff's non-bankruptcy law claims.

## Findings of Fact:

1. Plaintiff, Barry Hammond, was the Debtor in the Chapter 7 bankruptcy case 08-31872, filed in the Northern District of Texas, Dallas Division.

2. Plaintiff filed his petition for Chapter 7 bankruptcy on April 22, 2008.

3. Plaintiff received his Chapter 7 discharge on July 21, 2008.

4. Defendant Adam Ross Paul, Inc. is a debt collection company.

5. Plaintiff's phone number is (972) 285-6920.

6. Defendants used the phone numbers (877) 838-5002, (877) 838-5005, and (877) 838-5008.

7. Plaintiff's telephone records submitted into evidence, obtained from his phone service provider, indicate that, collectively, ***143 phone calls*** were placed to Plaintiff's phone number (972) 285-6920, from the Defendant's phone numbers (877) 838-5002, (877) 838-5005, and (877) 838-5008, after Debtor received his discharge.  The court found this evidence to be credible and reliable evidence of phone calls made from the Defendants to Plaintiff.

8. Defendants used an automatic telephone dialing system and a prerecorded voice to deliver a message when contacting Plaintiff.

9. Defendant Adam Ross Paul is a successor-in-interest to Defendant Anderson Randolf Price LLC, and carries on the exact same business, collecting on accounts that Anderson Randolf Price LLC previously collected on, with the same individual principals, and the same phone numbers.  The court finds that there was no legitimate business purpose for creation of the new entity.  Accordingly, this court holds that Defendants Adam Ross Paul, Inc. and Anderson Randolf Price, LLC are to be treated as one and the same for legal purposes, under either alter-ego principles, corporate sham principles, or other, similar veil-piercing principles.

10. Defendants received notice of Plaintiff's bankruptcy discharge after first calling the Plaintiff, if not prior to calling Plaintiff. Specifically, the court finds the testimony of Plaintiff to be credible that he told an actual representative of the Defendant (*i.e.,* a live human being with whom he actually spoke, early on) about his bankruptcy case and gave the Defendants' representative his bankruptcy attorney's name and phone number. Moreover, there was credible evidence that the actual holder of the debt that Defendants' calls related to was given actual written notice of the Plaintiff's bankruptcy case during the case. The credible evidence was that the debt to which the phones calls related was a medical debt on which the Plaintiff had been liable (and discharged), which was less than $1,000. The Defendant is retired, disabled widower who has had serious medical issues.

11. Defendants attempted to collect a debt from Plaintiff that was incurred prior to the filing of the Plaintiff's bankruptcy. The court finds that the evidence was credible that the Plaintiff had no accumulated unpaid debt postpetition that could have been the subject of the Defendant's calls.

12. Defendants intended to contact Plaintiff.

13. Defendants intended to contact Plaintiff regarding a discharged debt.

14. The debt Defendants intended to collect when calling Plaintiff was a debt owed by Plaintiff.

15. Defendants identified that they were seeking to collect a debt when they called Plaintiff.

16. Defendants knew, at least as soon as they were told over the phone by Plaintiff, that Plaintiff was no longer liable for the debt Defendants were seeking to collect.

17. Most, if not all, of the calls Defendants made to Plaintiff were made despite Defendants having notice of the Plaintiff's bankruptcy.

18. Defendants have not been consistent in their representations and sworn statements made during this adversary proceeding, which suggests to the court a lack of credibility on Defendants' part.

19. Defendants also have not been forthcoming with the court by failing to produce any explanation as to why 143 phone calls came from Defendants' various phone numbers.

20. Meanwhile, Plaintiff has put on credible evidence, which the court considers to be clear and convincing evidence, that all of the phone calls were made to him by Defendants, and that such calls caused him significant stress and emotional turmoil, including what he called a nervous breakdown and a thirteen (13) day hospital stay.

### Conclusions of Law:

1. Defendants' telephone calls to Plaintiff constituted willful violations of the discharge injunction provided in 11 U.S.C. § 524(a)(3).

2. Defendants also violated §§ 392.304, 392.304(a)(4), (8), and (19) of the Texas Debt Collection Act by contacting Plaintiff repeatedly in an attempt to collect a discharged debt. It was a violation of the TDCA to attempt to collect a debt owed by another from Plaintiff without disclosing to Plaintiff that Plaintiff was not liable on such debt, and/or that the debt was owed by someone else. It was a violation of the TDCA for Defendants to contact Plaintiff concerning a discharged debt.

3. Defendants' telephone calls to Plaintiff were not the result of a bona fide error, as there is no evidence that Defendants maintain and follow reasonable and effective policies, procedures, systems, and processes designed to prevent improper telephone calls.

4. The court further concludes that it was a violation of the DTPA for Defendants to contact Plaintiff repeatedly in an attempt to collect a discharged debt.

5.  It was also a violation of the TCPA for Defendants to contact Plaintiff using an automatic telephone dialing system and a prerecorded voice to deliver a message to Plaintiff.

6.  The court further concludes that it may and should sanction Defendants, pursuant to both 11 U.S.C. § 105(a) and its inherent powers, for Defendants' actions and omissions in their attempt to collect a debt from Plaintiff in willful violation of this court's discharge injunction.

7.  The court concludes that as a sanction and damages for Defendants' willful violations of the discharge injunction provided in 11 U.S.C. § 524(a)(3), that Defendant Adam Ross Paul, Inc., which the court has found to be the successor-in-interest of and one-and-the-same (under alter ego, corporate sham and veil-piercing theories) as Anderson Randolf Price L.L.C., should pay Plaintiff $200.00 for each of 140 telephone calls, totaling $28,000.00, to compensate Plaintiff for Defendants' actions and omissions in an attempt to collect a debt in willful violation of the discharge injunction. This same award is supportable for Defendants violations of DTCA, DTPA, and TCPA, as mentioned herein. The court does not believe it is appropriate to multiply or compound the award, but rather, is awarding $28,000 in total actual damages, for 140 unlawful phone calls. The court concludes that the first three of the 143 phone calls, may under the circumstances of this case, have been excusable and not warranting of damages—but thereafter, the behavior became sanctionable.

8.  The court further concludes that because of the high volume of phone calls, the long duration of time for the phone calls, and the nature and size of the debt in proportion to the actions taken, and to deter future conduct, the court should awards Plaintiff punitive damages in an amount equal to three times Plaintiff's actual damages, totaling an

additional $84,000.00. This same award is supportable for Defendants violations of DTCA, DTPA, and TCPA, as mentioned herein. The court does not believe it is appropriate to multiply or compound the award, but rather, is awarding $84,000 in total as punitive damages for the 140 unlawful phone calls.

9. The court further concludes that it should require Defendants to compensate Plaintiff for his reasonable attorneys' fees and costs incurred in connection with this case. Plaintiff's counsel, in accordance with this court's instructions, submitted a post-trial "Notice of Attorneys' Fees and Costs" [DE # 71], on May 23, 2014, documenting their attorneys fees and costs incurred representing the Plaintiff in connection with his claims against the Defendants in this adversary proceeding. Counsel for Defendants was permitted 24 days to respond but did not respond. The court has reviewed the submission and finds the fees ($33,452.50) and expenses ($1,730.95) reasonable and necessarily incurred. The fees represent 125.7 of attorney and para-professional time at a blended rate of $266.13. Given the contentiousness of this matter, and the fact that Defendants appeared to resist discovery to some extent, the court believes the time incurred was reasonable and necessary under the circumstances of this litigation, when evaluated under the factors articulated by *Johnson v. Georgia Highway Express, Inc.* and its progeny. 488 F.2d 714 (5th Cir. 1974).

10. Any finding of fact which is more properly deemed to be a conclusion of law is to be considered a conclusion of law, and any conclusion of law which is more properly deemed to be a finding of fact is to be considered a finding of fact.

11. A separate judgment is being issued forthwith.

### END OF FINDINGS AND CONCLUSIONS ###